NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| NASIR SALAAM, | : | |
| | : | Civ. No. 20-7820 (RMB) |
| Petitioner, | : | |
| | : | |
| v. | : | **MEMORANDUM AND ORDER** |
| | : | |
| JAMES SLAUGHTER, | : | |
| and THE ATTORNEY GENERAL | : | |
| OF THE STATE OF NEW JERSEY, | : | |
| | : | |
| Respondents. | : | |

This matter comes before the Court upon Petitioner's petition for writ of habeas corpus under 28 U.S.C. § 2254 (Pet., Dkt. No. 1), his motion to appoint counsel (Mot. to Appoint Counsel, Dkt. No. 2) and his motion for a stay and abeyance of his petition (Mot. for Stay and Abeyance, Dkt. No. 3).

Before a district court can grant a stay of a mixed petition[1] under 28 U.S.C. § 2254, the court must determine that the petitioner had good cause for failing to exhaust his claims in state court prior to bringing his habeas petition, and that his unexhausted claims are not plainly meritless. Rhines v. Weber, 544 U.S. 269, 277 (2005).

---

[1] A mixed petition is a petition under 28 U.S.C. § 2254 that raises exhausted and unexhausted claims. Rose v. Lundy, 455 U.S. 509, 510 (1982). A district court must dismiss a mixed petition. Id. at 522.

Petitioner has exhausted all claims, with the exception of his pending motion to correct an illegal sentence, which raises federal constitutional issues. (Mot. for Stay and Abeyance, Dkt. No. 3 at 48.) Petitioner asserts that 299 days remained on his one-year habeas statute of limitations when he simultaneously filed his habeas petition in this Court and his motion to correct illegal sentence in state court. (Id. at 49-50.) Even on the "fast track," Petitioner claims that the statute of limitations may expire on his habeas claim before he can exhaust his motion to correct illegal sentence, and it is unclear whether the motion to correct illegal sentence tolled the habeas statute of limitations. (Id.) Petitioner has shown good cause for failing to exhaust prior to filing his habeas petition.

The Court has reviewed the unexhausted claims and finds they are not plainly without merit on the face of the petition. Petitioner must reopen this action, in writing to the Court, within 30 days of the state court decision exhausting his motion to correct illegal sentence. See Rhines, 544 U.S. at 278 ("district courts should place reasonable time limits on a petitioner's trip to state court and back.")

For these reasons, the Court grants Petitioner's motion for a stay and abeyance of his petition for writ of habeas corpus under 28 U.S.C. § 2254. Petitioner's motion for appointment of counsel is premature and will be dismissed without prejudice. If Petitioner

2

seeks appointment of counsel upon reopening this matter, he will be required to show why the interests of justice require appointment of counsel under 18 U.S.C. § 3006A.[2]

**IT IS** therefore on this **27th day of October 2020**,

**ORDERED** that Petitioner's motion for a stay and abeyance of his petition for writ of habeas corpus under 28 U.S.C. § 2254 (Dkt. No. 3) is **GRANTED**; and it is further

**ORDERED** that Petitioner's motion for appointment of counsel (Dkt. No. 2) is **DENIED** without prejudice; and it is further

---

[2] See Reese v. Fulcomer, 946 F.2d 247, 263–64 (3d Cir. 1991) (superseded by statute on other grounds):

Any person seeking relief under § 2254 may be granted counsel, however, "whenever the United States magistrate or the court determines that the interests of justice so require and such person is financially unable to obtain representation." 18 U.S.C. § 3006A(g) (1988) ("Discretionary appointments"). Under these guidelines, the district court must first decide if the petitioner has presented a nonfrivolous claim and if the appointment of counsel will benefit the petitioner and the court. Factors influencing a court's decision include the complexity of the factual and legal issues in the case, as well as the pro se petitioner's ability to investigate facts and present claims. *Battle v. Armontrout*, 902 F.2d 701, 702 (8th Cir.1990). Courts have held, for example, that there was no abuse of a district court's discretion in failing to appoint counsel when no evidentiary hearing was required and the issues in the case had been narrowed, *see Terrovona v. Kincheloe*, 912 F.2d 1176, 1177 (9th Cir.1990), *cert. denied*, 499 U.S. 979, 111 S.Ct. 1631, 113 L.Ed.2d 726 (1991), or the issues were "straightforward and capable of resolution on the record," *Ferguson v. Jones*, 905 F.2d 211, 214 (8th Cir.1990), or the petitioner had "a good understanding of the issues and the ability to present forcefully and coherently his contentions." *La Mere v. Risley*, 827 F.2d 622, 626 (9th Cir.1987).

**ORDERED** that the Clerk shall stay this case; and it is further

**ORDERED** that Petitioner shall reopen this case within thirty days of exhaustion of his state remedies; and it is further

**ORDERED** that the Clerk shall serve a copy of this Order on Petitioner by regular U.S. mail.


                                    s/Renée Marie Bumb
                                    **RENÉE MARIE BUMB**
                                    **United States District Judge**