## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY
## CAMDEN VICINAGE

NASIR SALAAM,

                Petitioner,

v.

JAMES SLAUGHTER, et al.,

                Respondents.

Civil No. 20-cv-07820 (RMB)

**MEMORANDUM ORDER**

**THIS MATTER** comes before the Court upon Petitioner's request for an extension of time to file an appeal in this matter, Dkt. No. 27 ("Letter Request"). This Court denied Petitioner's petition for writ of habeas corpus under 28 U.S.C. § 2254, and denied a certificate of appealability by Opinion and Order dated December 22, 2025. Dkt. Nos. 25, 26. Petitioner's Letter Request is undated and was filed on March 30, 2026. Petitioner alleges he was transferred to another facility in February 2026, and had to wait for his legal materials to arrive to prepare his appeal. Letter Request at 1.

Federal Rule of Appellate Procedure 4(a)(5)(A) governs requests for a district court to extend time to file a notice appeal. It provides that:

> [a] district court may extend the time to file a notice of appeal if:
>
> (i) a party so moves no later than 30 days after the time prescribed by this Rule 4(a) expires; and (ii) regardless of

1

> whether its motion is filed before or during the 30 days after the time prescribed by this Rule 4(a) expires, that party shows excusable neglect or good cause.

With several exceptions that are not applicable here,[1] Petitioner had "30 days after entry of the judgment or order appealed from" to file a notice of appeal. Fed. R. App. P. 4(a)(1)(A).

Petitioner, who seeks to appeal a judgment entered by this Court on December 22, 2025, did not submit his request for an extension of time to file a notice of appeal within 60 days of entry of judgment. Petitioner's Letter Request was not received until March 30, 2026. Therefore, the Court must deny the request pursuant to Rule 4(a)(5)(C), which provides "[n]o extension under this Rule 4(a)(5) may exceed 30

---

[1] Under Fed. R. App. P. 4(c), an inmate confined in an institution that has a system designed for legal mail, may use that system to file a notice of appeal and:

> the notice is timely if it is deposited in the institution's internal mail system on or before the last day for filing and:
>
> (A) it is accompanied by:
>
> (i) a declaration in compliance with 28 U.S.C. § 1746--or a notarized statement--setting out the date of deposit and stating that first-class postage is being prepaid; or
> (ii) evidence (such as a postmark or date stamp) showing that the notice was so deposited and that postage was prepaid; or
> (B) the court of appeals exercises its discretion to permit the later filing of a declaration or notarized statement that satisfies Rule 4(c)(1)(A)(i).

Petitioner did not submit a declaration or evidence showing that his request for an extension of time to file a notice of appeal was timely deposited in the institution's internal mail system.

days after the prescribed time[.]" *See IUE AFL-CIO Pension Fund v. Barker & Williamson, Inc.*, 788 F.2d 118, 122 n. 1 (3d Cir. 1986) ("any Rule 4(a)(5) motion to extend the appeal period must be filed at least within 60 days after the final judgment"); *accord Laoye v. U.S. Dep't of Homeland Sec.*, 395 F. App'x 803, 804 (3d Cir. 2010) (per curiam).

**IT IS**, **THEREFORE**, on this **2nd day of April 2026**,

**ORDERED** that the Clerk shall reopen this matter solely for entry of this Order.  Petitioner's Letter Request for an extension of time to file a notice of appeal, Dkt. No. 27, is **DENIED**.

s/Renée Marie Bumb
RENÉE MARIE BUMB
Chief United States District Judge

3